**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EDUARDO ACOSTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 1:22-cv-537 |
| | ) | |
| GO TO DRA LLC, JOE CAGLE, and | ) | |
| LOGAN LEWIS, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, EDUARDO ACOSTA ("Plaintiff"), by and through his attorneys, Agruss Law

Firm, LLC, alleges the following against Defendants, GO TO DRA LLC, JOE CAGLE, and

LOGAN LEWIS ("DRA", "Cagle", and "Lewis" respectively and "Defendants" collectively):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15

    U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Illinois Collection Agency Act, 225 ILCS

    425, et seq. ("ICAA") and the Illinois Consumer Fraud and Deceptive Business Practices

    Act, 815 ILCS 505, *et seq.* ("ICFA").

## JURISDICTION AND VENUE

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k

    FDCPA.

1

4.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

5.  This court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 as they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6.  Venue and personal jurisdiction in this district are proper because Defendants do or transact business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

7.  Plaintiff is a natural person residing in the Village of Hoffman Estates, Cook County, State of Illinois.

8.  Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

9.  Plaintiff is a debtor as that term is defined by 225 ILCS 425/2.

10. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5) and 225 ILCS 425/2.

11. Each Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

12. Each Defendant is a collection agency as that term is defined by 225 ILCS 425/2.

13. DRA is a Florida limited liability company and national collection agency headquartered in the Village of Islamorada, Monroe County, State of Florida.

14. Cagle is a natural person and debt collector residing in the State of Florida.

15. Cagle is an owner of DRA.

16. Cagle is a member of DRA.

2

17. Lewis is a natural person and debt collector residing in the State of Florida.

18. Lewis is an owner of DRA.

19. Lewis is a member of DRA.

20. Lewis is a managing member of DRA.

21. Within in the last year, Defendants attempted to collect a consumer debt from Plaintiff.

22. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051 (C.D. Cal. 2009); see also, *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal 2008).

23. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, members, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal. 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D.N.Y. 1994); *Del Campo v. Kennedy*, 491 F. Supp. 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F. Supp. 2d 389 (E.D. Pa. 2004); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848 (D. Ar. 1999); *Pikes v. Riddle*, 38 F. Supp2d 639 (N.D. Il. 1998); *Ditty v. CheckRite*, 973 F.Supp. 1320 (D. Utah 1997).

24. The principal purpose of DRA's business is the collection of debts allegedly owed to third parties.

25. DRA regularly collects, or attempts to collect, debts allegedly owed to third parties

26. Defendants' business includes, but is not limited to, collecting on unpaid, outstanding account balances.

3

27. When an unpaid, outstanding account is placed with Defendants it is assigned a file number.

28. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

29. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

30. During the course of their attempts to collect consumer debts, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

31. Defendants acted themselves and through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers

### *Eduardo Acosta v. Go To DRA LLC*

32. DRA is attempting to collect a consumer debt from Plaintiff, allegedly originating from an unpaid Baxter Credit Union account.

33. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

34. DRA calls Plaintiff on Plaintiff's cellular telephone at 847-387-2928.

35. DRA calls Plaintiff from 888-451-9670, which is one of DRA's telephone numbers.

36. In or around February 2021, Plaintiff spoke to one of DRA's collectors.

37. During the above-referenced collection call:

    a. DRA's collector attempted to collect the alleged debt from Plaintiff by stating that:

        "Hey, if you don't take care of this, we will have to issue an arrest warrant to get

this collections paid" and further threatened to "ruin" Plaintiff's credit score.

38. In response to DRA's collectors threats, Plaintiff paid DRA $315.80 over the telephone.

39. DRA never intended to sue Plaintiff.

40. The alleged debt was incurred in approximately 2006.

41. There had been no further transactions with regard to the alleged debt since 2006.

42. The applicable statute of limitations in Illinois to bring legal action to collect on the alleged is 5 years if the alleged debt was considered to be from an open-ended agreement.

43. The applicable statute of limitations in Illinois to bring legal action to collect on the alleged is 10 years if the alleged debt was considered to be from a written agreement or promissory note.

44. In any event, the statute of limitations has long passed for bringing legal action against Plaintiff to collect on the alleged debt.

45. In its communications with Plaintiff regarding the alleged debt:

    a.  DRA attempted to collect a time-barred debt from Plaintiff without disclosing that DRA could not sue Plaintiff to collect on the alleged debt;

    b.  DRA attempted to collect a time-barred debt from Plaintiff without disclosing that a partial payment on the alleged debt would revive/reset the statute of limitations; and

    c.  DRA attempted to collect a time-barred debt from Plaintiff without disclosing that a promise to pay the alleged debt would revive/reset the statute of limitations.

46. Given the age of the alleged debt, DRA could not lawfully "ruin" Plaintiff's credit score by reporting the alleged debt to credit bureaus.

47. The natural consequences of DRA's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the alleged debt.

48. DRA's statements and actions were calculated to coerce Plaintiff into payment of the alleged debt.

49. The natural consequences of DRA's statements and actions was to produce an unpleasant and/or hostile situation between DRA and Plaintiff.

50. DRA's above-referenced conduct further affected Plaintiff in a personal and individualized way by causing Plaintiff to experience anger, stress, worry, frustration, embarrassment, and emotional distress.

### *Eduardo Acosta v. Joe Cagle*

51. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs 1-50. herein, with the same force and effect as if the same were set forth at length herein.

52. At all relevant times, acting alone or in concert with others, Cagle has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of DRA, and its employees, including the acts and practices set forth in this Complaint.

### *Eduardo Acosta v. Logan Lewis*

53. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs 1-50. herein, with the same force and effect as if the same were set forth at length herein.

54. At all relevant times, acting alone or in concert with others, Lewis has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of DRA, and its employees, including the acts and practices set forth in this Complaint.

## COUNT I:
## DEFENDANTS VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

55. Defendants violated the FDCPA based on the following:

    a.   Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when DRA engaged in all of the harassing, oppressing, and abusive misconduct alleged above;

    b.   Defendants violated § 1692d(2) of the FDCPA by the use of language the natural consequence of which is to abuse the hearer when DRA's collector threatened Plaintiff with being arrested if Plaintiff did not pay the alleged debt.

    c.   Defendants violated § 1692e of the FDCPA by their use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendants engaged in, at least, the following discrete violations of § 1692e;

    d.   Defendants violated § 1692e(2)(A) of the FDCPA by their false representation of the character, amount, or legal status of any debt when DRA made unlawful threats of legal action against Plaintiff;

    e.   Defendants further violated § 1692e(2)(A) of the FDCPA when DRA attempted to collect from Plaintiff a time-barred debt without making certain required disclosures;

    f.   Defendants violated § 1692e(4) of the FDCPA by DRA's representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends

to take such action when DRA's collector threatened Plaintiff with arrest;

g. Defendants violated § 1692e(5) of the FDCPA by DRA's threat to take any action that cannot legally be taken or that is not intended to be taken when DRA's collector threatened Plaintiff with arrest;

h. Defendants violated § 1692e(7) of the FDCPA by DRA's false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer when DRA's collector threatened Plaintiff with arrest;

i. Defendants violated § 1692e(8) of the FDCPA when DRA threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;

j. Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when DRA engaged in, at least, all of the other discrete violations of § 1692e alleged herein; and

k. Defendants violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when DRA demanded immediate payment of the alleged to avoid arrest and having his credit score ruined.

WHEREFORE, Plaintiff, EDUARDO ACOSTA, respectfully requests judgment be entered, both jointly and severally, against Defendants, GO TO DRA LLC, JOE CAGLE, and LOGAN LEWIS, for the following:

56. Actual damages of not less than $315.80 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

8

57. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

58. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

59. Any other relief that this Honorable Court deems appropriate.

**COUNT II:**
**DEFENDANTS VIOLATED THE**
**ILLINOIS COLLECTION AGENCY ACT and**
**ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

60. Plaintiff repeats and realleges paragraphs 1-54 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

61. Defendants violated the ICAA based on the following:

    a. DRA knowingly violated 225 ILCS 425/9(a)(15) of the ICAA by threatening to instigate an arrest or criminal prosecution where no basis for a criminal complaint lawfully exists;

    b. DRA violated 225 ILCS 425/9(a)(20) of the ICAA by the use of abusive language when DRA's collector threatened that DRA have Plaintiff arrested;

    c. DRA knowingly violated 225 ILCS 425/9(a)(24) of the ICAA by attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist by making threats of legal action on a time-barred debt; and

    d. DRA knowingly violated 225 ILCS 425/9(a)(35) of the ICAA by engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public when DRA engaged in all of the foregoing misconduct.

9

62. The foregoing are unlawful practices. 225 ILCS 425/9(b).

63. The ICAA may be enforced through the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). 225 ILCS 425/9.7.

64. Debt collection practices are embraced by the ICFA. *Thrasher-Lyon v. Illinois Farmers Ins. Co.*, 861 F. Supp. 2d 898, 909 (N.D. Ill. 2012).

65. The ICAA provides a private right of action for damages. *McLaughlin v. LVNV Funding, LLC*, 971 F. Supp. 2d 796, 800 (N.D. Ill. 2013).

WHEREFORE, Plaintiff, EDUARDO ACOSTA, respectfully requests judgment be entered, both jointly and severally, against Defendants, GO TO DRA LLC, JOE CAGLE, and LOGAN LEWIS, for the following:

    a. Actual damages, of not less than $315.80, pursuant to 815 ILCS 505/10a of the ICFA;

    b. Costs and reasonable attorneys' fees pursuant to 815 ILCS 505/10a of the ICFA; and

    c. Any other relief that this Honorable Court deems appropriate.

DATED: January 31, 2022

Respectfully submitted,
AGRUSS LAW FIRM, LLC

By: /s/ James J. Parr
James J. Parr
IL State Bar #: 6317921
Agruss Law Firm, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
james@agrusslawfirm.com
Attorney for Plaintiff