## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

EDUARDO ACOSTA,

    Plaintiff,

        v.

GO TO DRA, LLC, JOE CAGLE, and
LOGAN LEWIS,

    Defendants.

No. 22-cv-00537

Judge John F. Kness

## ORDER

Plaintiff's motion for default judgment (Dkt. 13-1) is granted.[1] Final judgment is entered in favor of Plaintiff Eduardo Acosta and against Defendants Go To DRA, LLC, Joe Cagle, and Logan Lewis. See accompanying Statement for details. Enter separate final judgment order. The hearing set for June 22, 2022 is stricken. Civil case terminated.

## STATEMENT

### Background

Plaintiff Eduardo Acosta filed this action against Defendants Go To DRA, LLC, Joe Cagle, and Logan Lewis on January 31, 2022 for violating the Fair Debt Collection Practices Act (Count I) and the Illinois Collection Agency Act (Count II). (Dkt. 1.)

On April 12, 2022, Plaintiff moved for entry of default under Rule 55(a) of the Federal Rules of Civil Procedure. (Dkt. 9.) Because Defendants never properly appeared through counsel or filed answers, the Court entered default against Defendants on April 14. (Dkt. 10.) Plaintiff served copies of the default order on Defendants via USPS on April 18. (Dkt. 11.) As of the date of this Order, Defendants

---

[1] Plaintiff filed his motion for default judgment (Dkt. 13) as an attachment to his motion for attorneys' fees and costs (Dkt. 13). Because the relief sought in the motion for attorneys' fees and costs is redundant with that sought in the motion for default judgment, the Court will not separately address the former motion. To the extent that it is properly construed as a separate motion, the motion for attorneys' fees and costs (Dkt. 13) is denied without prejudice.

have not appeared in this action through counsel and have not responded to the motion for default judgment.

## Legal Standard for Entry of Default and Default Judgment

Rule 12(a) of the Federal Rules of Civil Procedure generally requires a defendant to file an answer within 21 days after the service of the summons and complaint. The failure to do so may result in the defendant's default under Rule 55(a). When a party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). An entry of default must precede a default judgment. *See* Fed. R. Civ. P. 55(b). Upon the entry of default, the "well-pled allegations of the complaint relating to liability are taken as true. . . ." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) (citing *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"). Entry of default judgment is left to the sound discretion of the district court. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1322 (7th Cir. 1983); *see also C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1206 (7th Cir. 1984) (although the law favors trial on the merits, these considerations must be balanced against the need to promote efficient litigation and to protect the interests of all litigants).

## Liability of Defendants

Defendants failed to file a valid answer within 21 days of service of the complaint. As a result, the Court must accept as true the well-pleaded allegations of Plaintiffs' complaint concerning liability. *Wehrs*, 688 F.3d at 892.

Defendant DRA is a Florida-based collection agency. (Dkt. 1 ¶ 13.) Defendants Cagle and Lewis are owners and members of DRA. (*Id.* ¶¶ 15–16, 18–19.) DRA is attempting to collect a consumer debt allegedly owed by Plaintiff to Baxter Credit Union. (*Id.* ¶ 32.) According to Plaintiff, the alleged debt was incurred in 2006 and "arises from transactions for personal, family, and household purposes." (*Id.* ¶¶ 33, 40.) DRA has contacted Plaintiff on multiple telephone lines. (*Id.* ¶¶ 34–35.) On one such call, around February 2021, DRA's collector explained that, if Plaintiff did not take care of the debt, DRA would "issue an arrest warrant to get [the] collections paid." (*Id.* ¶ 37.) DRA's collector further threatened to "ruin" Plaintiff's credit score. (*Id.*) In response to one of DRA's collector's threats, Plaintiff paid DRA $315.80. (*Id.* ¶ 38.)[2]

---

[2] Plaintiff's partial payment on the debt that he alleges he did not owe is enough to confer standing in this case. *See Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668 (7th Cir. 2021) (describing a plaintiff's "pay[ment of] money she did not owe" as a "concrete

According to Plaintiff, the collection period—in his words, "the statute of limitations"—"has long passed for bringing legal action against Plaintiff to collect on the alleged debt." (*Id.* ¶ 44.) Plaintiff thus alleges that DRA "never intended to sue [him]" and "could not lawfully 'ruin' Plaintiff's credit score by reporting the alleged debt to credit bureaus." (*Id.* ¶¶ 39, 46.) Rather, DRA's statements and actions "were calculated to coerce Plaintiff into payment of the alleged debt," and "[t]he natural consequences of DRA's statements and actions was to produce an unpleasant and/or hostile situation between DRA and Plaintiff." (*Id.* ¶¶ 48−49.) Beyond leading Plaintiff to make a partial payment of $315.80, DRA's conduct caused Plaintiff "to experience anger, stress, worry, frustration, embarrassment, and emotional distress." (*Id.* ¶ 50.)

In Count I, Plaintiff alleges that Defendants violated the FDCPA in multiple ways:

- "Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when DRA engaged in all of the harassing, oppressing, and abusive misconduct alleged above;"

- "Defendants violated § 1692d(2) of the FDCPA by the use of language the natural consequence of which is to abuse the hearer when DRA's collector threatened Plaintiff with being arrested if Plaintiff did not pay the alleged debt."

- "Defendants violated § 1692e of the FDCPA by their use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendants engaged in, at least, the following discrete violations of § 1692e;"

- "Defendants violated § 1692e(2)(A) of the FDCPA by their false representation of the character, amount, or legal status of any debt when DRA made unlawful threats of legal action against Plaintiff;"

- "Defendants further violated § 1692e(2)(A) of the FDCPA when DRA attempted to collect from Plaintiff a time-barred debt without making certain required disclosures;"

- "Defendants violated § 1692e(4) of the FDCPA by DRA's representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt

---

injury" under the FDCPA (quoting *Smith v. GC Servs. Ltd. P'ship*, 986 F.3d 708, 710 (7th Cir. 2021))).

collector or creditor intends to take such action when DRA's collector threatened Plaintiff with arrest;"

- "Defendants violated § 1692e(5) of the FDCPA by DRA's threat to take any action that cannot legally be taken or that is not intended to be taken when DRA's collector threatened Plaintiff with arrest;"

- "Defendants violated § 1692e(7) of the FDCPA by DRA's false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer when DRA's collector threatened Plaintiff with arrest;"

- "Defendants violated § 1692e(8) of the FDCPA when DRA threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;"

- "Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when DRA engaged in, at least, all of the other discrete violations of § 1692e alleged herein;" and

- "Defendants violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when DRA demanded immediate payment of the alleged to avoid arrest and having his credit score ruined."

(*Id.* ¶¶ 55(a)–(k).)

In Count II, Plaintiff alleges that Defendants violated the Illinois Collection Agency Act:

- "DRA knowingly violated 225 ILCS 425/9(a)(15) of the ICAA by threatening to instigate an arrest or criminal prosecution where no basis for a criminal complaint lawfully exists;"

- "DRA violated 225 ILCS 425/9(a)(20) of the ICAA by the use of abusive language when DRA's collector threatened that DRA have Plaintiff arrested;"

- "DRA knowingly violated 225 ILCS 425/9(a)(24) of the ICAA by attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist by making threats of legal action on a time-barred debt;" and

4

- "DRA knowingly violated 225 ILCS 425/9(a)(35) of the ICAA by engaging in dishonorable, unethical, or unprofessional conduct of a character likely to deceive, defraud, or harm the public when DRA engaged in all of the foregoing misconduct."

(*Id.* ¶¶ 61(a)−(d).)

**Damages**

Upon default, the "well-pled allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not." *Wehrs*, 688 F.3d at 892 (citing *Di Mucci*, 879 F.2d at 1497); Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: . . . determine the amount of damages. . . ." Fed. R. Civ. P. 55(b)(2). A judgment by default "may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *DiMucci*, 879 F.2d at 1497.

In this case, Plaintiff seeks $315.80 in actual damages for Defendants' alleged violations of the FDCPA. (Dkt. 13-2 at 1.) That is the amount Plaintiff paid "in response to DRA's collectors['] threats." (Dkt. 1 ¶ 38); *see* 16 U.S.C. § 1692k(a)(1) (authorizing payment of "actual damage sustained"); *see also* 10A Charles Alan Wright *et al.*, Federal Practice and Procedure § 2688 (4th ed. 2022) ("If defendant does not contest the amount prayed for in the complaint and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing."). Plaintiff further seeks $1,000 in statutory damages. (Dkt. 13-2 at 1.) That amount is permissible under the FDCPA. 16 U.S.C. § 1692k(a)(2)(A) (authorizing "such additional damages as the court may allow, but not exceeding $1,000"); *see* Wright *et al.*, *supra*, § 2688 ("[C]ourts have determined that a hearing is not necessary when statutory damages are being sought."). Because the amounts sought by Plaintiff are capable of clear ascertainment, the Court finds that Plaintiff is entitled to the requested $315.80 in actual damages and $1,000 in statutory damages.

**Attorneys' Fees and Costs**

Plaintiff also requests attorneys' fees and costs, and he identifies provisions of the FDCPA that entitle him to such fees and costs. (Dkt. 13 at 4−5.) Plaintiff's counsel, James P. Parr, filed a declaration and billing summaries verifying the hours worked and costs incurred in connection with this case. (*Id.* at 12−24.) The Court finds that both the hourly rates, the number of hours worked, and the costs incurred

in connection with this case are reasonable and thus awards the requested $3,392.40 in attorneys' fees and $935.50 in costs.

## Conclusion

For the reasons stated above, Plaintiff's motion for default judgment (Dkt. 13-1) is granted. Plaintiff is entitled to $315.80 in actual damages, $1,000 in statutory damages, $3,392.40 in attorneys' fees, and $935.50 in costs.

SO ORDERED in No. 22-cv-00537.

Date: June 21, 2022

_____

JOHN F. KNESS
United States District Judge

6